SUMMARY ORDER

Petitioner Bin Lin, a native and citizen of the People’s Republic of China, seeks review of a November 12, 2008 order of the BIA affirming the November 22, 2006 decision of Immigration Judge (“IJ”) Bri-gette Laforest denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Bin Lin, No. A99 661 075 (B.I.A. Nov. 12, 2008), aff'g No. A99 661 075 (Immig. Ct. N.Y. City Nov. 22, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also *90 Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, we “defer ... to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
Substantial evidence supports the IJ’s adverse credibility determination. In finding Lin not credible, the IJ relied upon: (1) the omission from Lin’s mother’s letter of any mention that she was arrested for hosting illegal church gatherings or that his family continues to be harassed by government officials; (2) the inconsistency between Lin’s testimony that the police came to his home in July 2006 and his asylum application, which indicated that the incident occurred in July 2004; (3) the omission of any reference to the three cadres who he testified accompanied the three public security officers who entered his home; (4) the omission of any reference in his asylum application to his mother’s alleged arrest; and (5) the inconsistency between his testimony that police did not handcuff him when they came to his home and his asylum application, which indicated that they did. Because Lin does not challenge the IJ’s reliance on the omissions from his mother’s letter, we deem waived any such challenge. Thus, those omissions stand as valid bases for the IJ’s adverse credibility determination. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); see also Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008). Although Lin argues that he reasonably explained some of the other discrepancies, a reasonable factfinder would not have been compelled to credit his explanations. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005). In his brief, Lin also asserts that he was not given the opportunity to explain others. However, because he did not raise that argument before the BIA, we decline to address that unexhausted issue. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007).
Lin also argues that these omissions and inconsistencies were too minor to support an adverse credibility determination. Contrary to Lin’s argument, under the REAL ID Act, “an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the ‘totality of the circumstances’ establishes that an asylum applicant is not credible.” Xiu Xia Lin, 534 F.3d at 167; see In re J-Y-C-, 24 I. & N. Dee. 260, 265 (B.I.A.2007). The IJ also properly found that Lin’s deficient corroboration rendered him unable to rehabilitate his testimony. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006).
Taken as a whole, the IJ’s adverse credibility determination was supported by substantial evidence. See 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin, 534 F.3d at 167. Therefore, the IJ properly denied Lin’s applications for asylum, withholding of removal, and CAT relief where the only evidence that he would be persecuted or tortured depended on his credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DIS *91 MISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).